UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Antonio Vance,

    Plaintiff,

v.

Amazon.com Services, LLC,

    Defendant.

Case No. 24 C 1111

Judge Jorge L. Alonso

## Memorandum Opinion and Order

For the reasons below, the Court denies Defendant Amazon.com Services, LLC's ("Amazon") motion to dismiss Plaintiff Antonio Vance's amended complaint for failure to state a claim (ECF No. 9).

## Background

On October 18, 2023, Vance sued Amazon in the Circuit Court of Cook County, Illinois, alleging disability-related discrimination and wrongful termination from his employment at Amazon. (ECF No. 1-1.) He filed an amended complaint later that month. (ECF No. 1-2.) Amazon was served with the complaint on January 9, 2024, and removed the case to this Court on February 8, 2024. (ECF Nos. 1, 1-3.)

Amazon now has filed a motion to dismiss Vance's complaint for failure to state a claim, arguing Vance did not plead that he exhausted his administrative remedies before filing suit. (ECF No. 9.) Vance responded by filing a statement claiming that he did exhaust his administrative remedies before the EEOC, and Amazon replied. (ECF Nos. 14, 15.)[1]

---

[1] Vance filed a supplemental response after briefing had completed and without requesting leave to file it. (ECF Nos. 16–17.) The Court disregards Vance's late filing and denies it to the extent it is styled as a motion. (ECF No. 17.)

**Discussion**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). An alleged failure to exhaust administrative remedies is considered an affirmative defense and "the earliest possible time to consider it would normally be after the answer has been filed, if it is possible to decide the issue through a Rule 12(c) motion for judgment on the pleadings." *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006); *see also Burton v. Ghosh*, 961 F.3d 960, 964–65 (7th Cir. 2020) ("The proper way to seek a dismissal based on an affirmative defense under most circumstances is not to move to dismiss under Rule 12(b)(6) for failure to state a claim. Rather, the defendant should answer and then move under Rule 12(c) for judgment on the pleadings."); *Earls-Rozelle v. Chorle*, No. 1:22-CV-03394, 2024 WL 1677406, at *2 (N.D. Ill. Apr. 18, 2024) ("[F]ailure to exhaust is an affirmative defense, so a Rule 12(b)(6) motion . . . is inapt, because plaintiffs need not plead around affirmative defenses in a complaint. The proper vehicle to assert lack of exhaustion (if it is to be considered at the pleading stage) is a Rule 12(c) motion for judgment on the pleadings" (cleaned up)). Generally, a plaintiff has "no obligation to allege facts negating an affirmative defense in [the] complaint," so "[t]here is nothing on the face of [the] complaint that compels a conclusion that [the plaintiff] failed to exhaust," and thus dismissal under Rule 12(b)(6) is inappropriate. *Mosely*, 434 F.3d at 533 (reversing dismissal). Still, "[p]arties and courts occasionally take short-cuts and present certain arguments through a motion to dismiss for failure to state a claim . . . under Rule 12(b)(6), if the allegations of the complaint in the light most favorable to the plaintiff show that there is no way that any amendment could salvage the claim." *Id.*

Vance's complaint does not compel a conclusion that he failed to exhaust administrative remedies before filing suit. Amazon instead claims that Vance needed to allege that he exhausted his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") or Illinois Department of Human Rights and failed to do so. Amazon is mistaken. Failure to exhaust is an affirmative defense and Vance had no obligation to mention exhaustion and pre-rebut Amazon's defense in his complaint, and did not attempt to do so. Therefore, a Rule 12(c) motion for judgment on the pleadings, rather than a Rule 12(b)(6) motion to dismiss for failure to state a claim, would be the appropriate vehicle to resolve that defense at the pleading stage.[2] Nothing in Vance's complaint establishes that he did not exhaust his administrative remedies—Amazon's Rule 12(b)(6) motion thus is not an appropriate vehicle for its exhaustion arguments and must be denied. *See Zimny v. Geneva Cmty. Unit Sch. Dist. 304*, No. 22-CV-4512, 2024 WL 707195, at *10 (N.D. Ill. Feb. 21, 2024) (denying motion to dismiss where the plaintiff did not plead exhaustion because "he didn't have to do so" and nothing on the face of the complaint compelled that conclusion); *cf. Correia v. Massachusetts Bay Commuter R.R.*, No. CIV.A. 12–12048–DJC, 2013 WL 6383107 (D. Mass. Dec. 4, 2013) (dismissing ADA claims for failure to exhaust on motion for judgment on the pleadings).

Amazon cites many cases to imply that a plaintiff's failure to allege exhaustion is grounds for Rule 12(b)(6) dismissal and that courts routinely grant such dismissals. Most of Amazon's cited cases are distinguishable because they either were not decided via a Rule

---

[2] At a February 21, 2024, hearing, the Court questioned Amazon's counsel regarding whether a Rule 12(b)(6) motion to dismiss for failure to state a claim, rather than a Rule 12(c) motion for judgment on the pleadings, was the proper vehicle for Amazon's exhaustion argument. Amazon's counsel indicated Amazon would address that issue in its reply brief, but it did not do so. The Court will consider this an oversight or misunderstanding rather than a potential attempt to steer the Court away from unfavorable caselaw.

3

12(b)(6) motion or involved complaints in which the plaintiffs, unlike Vance, pled themselves into the affirmative defense in their own complaints, rather than failing to mention exhaustion or attach an EEOC charge or right-to-sue letter altogether. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004–06 (7th Cir. 2019) (affirming Rule 12(b)(6) dismissal based on failure to exhaust as to discrimination claim that was not reasonably related to the plaintiff's alleged EEOC charges); *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564–66 (7th Cir. 2019) (affirming dismissal based on failure to exhaust resolved at summary-judgment stage); *Riley v. City of Kokomo*, 909 F.3d 182, 189–90 (7th Cir. 2018) (affirming dismissal based on failure to exhaust resolved via summary judgment); *Williams v. City of Chicago*, 616 F. Supp. 3d 808, 815–16 (N.D. Ill. 2022) (granting Rule 12(b)(6) dismissal based on failure to exhaust where plaintiff's alleged EEOC charge did not was reasonably related to his ADA claims); *Mahran v. Cnty. of Cook*, No. 21-CV-6325, 2022 WL 11169418, at *2–3 (N.D. Ill. Oct. 19, 2022) (granting Rule 12(b)(6) dismissal based on failure to exhaust where plaintiff's alleged EEOC charge did not name defendant); *Hankins v. Best Buy Co.*, No. 10 CV 4508, 2011 WL 6016233, at *5–6 (N.D. Ill. Dec. 2, 2011) (granting motion to dismiss IHRA claims based on failure to exhaust where the plaintiff alleged certain administrative exhaustion efforts before the EEOC but not subsequent IHRA-specific efforts, and limiting Title VII claims to the same grounds the plaintiff had pursued in his EEOC charge); *Burgett v. U.S. Dep't of Treasury*, 603 F. Supp. 2d 1152, 1156–57 (N.D. Ill. 2009) (finding failure to exhaust via motion for summary judgment).

      Nevertheless, the Court is aware that some other judges in this District may have allowed exhaustion arguments to be made via a Rule 12(b)(6) motion in some other cases—though the issue of whether Rule 12(b)(6) was a proper procedural vehicle was not squarely addressed in those cases. *Malkowski v. Miles*, No. 22-CV-06830, 2024 WL 665940, at *2 (N.D. Ill. Feb. 16,

2024) (dismissing Title VII claim where plaintiff alleged filing EEOC charge but did not allege whether he received a right-to-sue letter, but not addressing the present procedural issue); *Shubitidze v. Boxer Prop.*, No. 20-CV-6455, 2021 WL 949342 (N.D. Ill. Mar. 12, 2021) (assuming that alleging exhaustion is a mandatory claim-processing rule that can be resolved via a Rule 12(b)(6) motion) (citing *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 549 (2019) (stating only that a claim-processing rule must be enforced "*if a party properly raises it*" (cleaned up))); *Olojo v. Kennedy-King Coll.*, No. 05 C 6234, 2006 WL 1648441, at *3 (N.D. Ill. June 7, 2006) (finding failure to state a claim due to failure to exhaust administrative remedies but not addressing the present procedural issue). The Court will not follow that approach here in light of the Rules and applicable caselaw, and instead concludes that Amazon attempt to dismiss Vance's complaint for failure to exhaust is not properly brought via its Rule 12(b)(6) motion.

## Conclusion

The Court denies Amazon's motion to dismiss (ECF No. 9). Amazon shall answer Vance's complaint within 14 days after receiving notice of this ruling. *See* Fed. R. Civ. P. 12(a)(4). The parties shall then file a joint initial status report within 14 days after Amazon files its answer.

**SO ORDERED.**                                              **ENTERED: August 14, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**